# In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| JOHNNY TREJO | § | |
| | § | |
| v. | § | |
| | § | SA-12-CV-995-XR |
| UNITED STATES OF AMERICA | § | SA-91-CR-215 |

**ORDER**

On June 17, 1991, Trejo was charged in an indictment with possession with intent to distribute cocaine. He pled guilty to that offense in October 1991, and the Judgment sentencing him to six months imprisonment was signed on October 22, 1991. He filed a notice of appeal to the Fifth Circuit on January 31, 2011. The appeal was dismissed because the district court denied the motion to proceed in forma pauperis because the notice of appeal was untimely. The United States Supreme Court denied the writ of certiorari on December 5, 2011.

On October 15, 2012, Trejo filed this pro se motion to vacate pursuant to 28 U.S.C. § 2255. He argues that he is "in custody pursuant to the conviction in this case for two reasons: - - the sentence in this case No. SA-91-CR-215(1) has run consecutive and continuous with the sentence in No. SA-94-CR-174(13) and with No. SA-99-CR-534(OLG), and the conviction in this case No. SA-91-CR-215(1), was used for an 18 U.S.C. § 851 and Career Enhancement in No. SA-99-CR-534."

Trejo argues that in the 91-215 case, the possession with intent to distribute cocaine was a "State Case" and "the Feds did not have jurisdiction." He argues that his counsel was ineffective for failing to raise the alleged lack of jurisdiction, failing to assert the Tenth Amendment, and failing to timely file a notice of appeal. He also argues that his counsel was ineffective for

failing to advise him that his 1991 conviction could later be used as an enhancement pursuant to 21 U.S.C. § 851 in future convictions.[1]

On October 25, 2012, the Magistrate Judge issued a Memorandum and Recommendation in this 91-215 motion to vacate. The Magistrate Judge concluded that Trejo is not in custody for purposes of section 2255. The Magistrate Judge concluded that after Trejo was released from the Bureau of Prisons for the 1991 sentence, Trejo's supervised release was revoked for violating the terms of his supervised release on November 22, 1994. He was ordered to serve a sentence of 18 months imprisonment for the revocation, which ran concurrently with the sentence in 94-174. Accordingly, the Magistrate Judge concluded that Trejo's custody under the 1991 case ended in 1996 and that Trejo is only in custody at present for his conviction under the 99-534 case. In addition, the Magistrate Judge concluded that for AEDPA limitations purposes, his 91-215 case became final for section 2255 purposes on April 24, 1997. The Magistrate Judge recommended that Trejo's 91-215 motion to vacate be dismissed and that a certificate of appealability be denied.

Trejo timely filed objections to the Magistrate Judge's Memorandum and Recommendation.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. 636(b)(1) (A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings

---

[1] Trejo was charged in 94-174 with conspiracy to possess with intent to distribute cocaine and money laundering. He pled guilty to those offenses on October 14, 1994. On October 31, 1994, the Judgment was signed sentencing him to 60 months imprisonment on both counts to run concurrent.
  Trejo was charged in 99-534 with conspiracy to distribute and possess with intent to distribute 500 grams or more but less than 5 kilograms of cocaine and aiding and abetting. A jury trial was held in that case and he was found guilty. On January 15, 2002, the Judgment was signed sentencing him to 360 months imprisonment on both counts to run concurrent with each other as well as concurrently with 94-174. The Judgment in that case was affirmed by the Fifth Circuit on December 16, 2002. Trejo filed a motion to vacate in 94-174 on February 5, 2004, which was denied on November 4, 2004. The Fifth Circuit denied the appeal on November 3, 2005.

and recommendations to which objection is made). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). This Court has conducted a de novo review.

Trejo objects arguing that he is in custody under the 91-215 case, and that the 91-215 case did not become final until December 5, 2011.[2]

**Analysis**

In order to obtain habeas relief under section 2255(a) of Title 28, the petitioner must demonstrate that he is "in custody." The incarceration must be pursuant to the conviction or sentence challenged in the petition. Trejo is no longer in custody under the 91-215 case. Trejo is only in custody at present for his conviction under the 99-534 case. *See Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (holding that, under 28 U.S.C. § 2255, a petitioner may not challenge a prior conviction used to enhance a federal sentence if the prior conviction "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully"). *See also U.S. v. Williams*, 630 F. Supp.2d 28, 30-31 (D.D.C. 2009).

---

[2] He also argues that the deadline for filing notices of appeal are not laws fixed by Congress, and deadlines for filing notices of appeal are unconstitutional. He further argues that since his 91-215 was a "State Case" and the "Feds did not have jurisdiction", he can argue lack of subject matter jurisdiction at any time. He further argues that since AEDPA became effective on April 24, 1996, the ex post facto clause prohibits application of any limitations period. In the alternative, he argues that this court should vacate his 91-215 judgment because the court has the power to set aside a judgment for "fraud on the court".

Accordingly, his motion to vacate should be denied. Alternatively, his motion is barred by limitations. *Id*. at 31. To the extent that Trejo seeks a writ of error coram nobis, the motion fails because no fundamental error exists. *Id*. at 32-33.

## Conclusion

Inasmuch as Trejo is not in custody for the 91-215 case and his motion is barred by limitations, the motion to vacate is denied. The motion for a certificate of appealability is denied for the reasons stated above.

SIGNED this 21st day of December, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE